UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICHELLE BOYKINS** | : | Civil Action No.: 11-7354 (PGS) |
| **Plaintiff,** | : | |
| v. | : | |
| | : | MEMORANDUM OPINION |
| **INVENTIV COMMERCIAL SERVICES, L.L.C., et al.,** | : | AND ORDER |
| **Defendants.** | : | |

In the present application, Defendants seek to compel Plaintiff's authorization for the release of her employment records by her current employer, New Jersey Transit [dkt. no. 29]. Plaintiff has opposed this application [dkt. no. 30]. For the reasons specified below, Defendants' application is **DENIED**.

By way of background, after Plaintiff was terminated by inVentiv, she began employment with New Jersey Transit. See Pl.'s Ltr. Brief, at p. 3. Through discovery, it was revealed that Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission against New Jersey Transit. See Def.'s Ltr. Brief, at p. 1.

Defendants' counsel has been provided with copies of the EEOC charge and position statement for the claim against New Jersey Transit. See Pl.'s Ltr. Brief, at p. 3. Defendants subpoenaed New Jersey Transit seeking Plaintiff's entire employment file. See Def.'s Ltr. Brief, at 1. In response to Defendants' subpoena, New Jersey Transit refused to release Plaintiff's records without an employee authorization or court order. Id. Defendants provided the Plaintiff with an authorization for her signature which the Plaintiff refused to execute. See Def.'s Ltr. Brief, at 2. Thereafter, Defendants filed the present motion to compel the release of Plaintiff's employment records with New Jersey Transit.

By letter dated December 20, 2013, Defendants contend that Fed. R. Civ. P. 26 permits broad discovery regarding any nonprivileged matter that is relevant to a claim or defense. Defendants argue that broad discovery should include Plaintiff's past and current employment records. Id.  Defendants cite Hite v. Peters, 2009 WL 1748860 *4 (D.N.J. June 19, 2009), to support the argument that the request for post-termination employment records does not amount to an objectionable "fishing expedition" because employment records can be highly relevant to the issue of mitigation and computation of damages. See Def.'s Ltr. Brief, at p. 2.

Defendants argue that they could show good cause as to why they should obtain Plaintiff's personnel file. Id.  Defendants cite EEOC v. Princeton Healthcare System, 2012 WL 1623870 *21-22 (D.N.J. 2012), for the proposition that privacy issues can be overcome by "independent evidence that provides a reasonable basis for [defendant] to believe that [a plaintiff] has filed complaints, grievances, lawsuits or other charges relating to her employment with…[other employers]." See Def.'s Ltr. Brief, at p. 3.  Defendants argue that since Plaintiff's claim against New Jersey Transit is similar to the claims against the Defendants that the relevance of discovery is obvious. Id.

By brief dated January 3, 2014, Plaintiff argues that there is a legitimate privacy interest in her personnel files with New Jersey Transit and the Defendants have not provided any relevant need for Plaintiff's entire personnel file. See Pl. Ltr. Brief, at p. 4.  Plaintiff cites EEOC v. Princeton Healthcare System, 2012 WL 1623870 *7 (D.N.J. 2012), for the proposition that the right to discovery "must be circumscribed where privacy and/or confidentiality interest[s] are implicated." See Pl. Ltr. Brief, at p. 5.  Plaintiff also argues that Defendants' demand for the entire personnel file is overly broad on its face.  Plaintiff cites Professional Recovery Services, Inc. v. General Elec. Capital Corp., 2009 WL 137326, *4 (D.N.J. Jan. 15, 2009), to support the

argument that subpoenas which demand a plaintiff's entire personnel file is *per se* overly broad, and do not comply with Fed. R. Civ. P. 26. See Pl. Ltr. Brief, at p. 6.

Finally, Plaintiff contends that the Defendants are demanding the personnel file from New Jersey Transit in an attempt to prove that Plaintiff has a propensity for making meritless claims, which is not admissible evidence under F.R.E 404(a)(1). See Pl. Ltr. Brief, at p. 7. Plaintiff cites Bunion v. Allstate Ins. Co., 502 F. Supp. 340 (E.D. Pa. 1980), to support the argument that evidence concerning unrelated prior civil litigation should not be permitted at trial to show that the plaintiff was "claim minded," unless the proponent can produce evidence of fraud. See Pl. Ltr. Brief, at p. 8.

Defendants seek all documents relating to Plaintiff's employment with New Jersey Transit, including her entire personnel file. Defendants' request for Plaintiff's entire New Jersey Transit personnel file is overly broad and intrudes into Plaintiff's recognized privacy interests. In addition, the Court finds that the Defendants have not shown good cause for the release of the requested records.

Defendants' reliance on Princeton Healthcare is misplaced. If Defendants were seeking to discover whether Plaintiff had filed any complaints, lawsuits or charges against current employers, then the privacy concerns regarding Plaintiff's personnel file would be overcome by "independent evidence that provides a reasonable basis for [defendant] to believe that [a plaintiff] has filed complaints, grievances, lawsuits or other charges relating to her employment with…[other employers]." Id. at 22. However, in this case, Defendants' counsel has already been provided the EEOC charge and position statement for the claim against New Jersey Transit. The Court rejects Defendants' application to compel Plaintiff's authorization for the release of

all of her employment records from her current employer because Defendants have not shown good cause for the release of the requested records.

In sum, Fed. R. Civ. P. 26 permits the broad discovery regarding any nonprivileged matter that is relevant to a claim or defense. However, the right to discovery may be limited where privacy interests are concerned. Defendants' request overly broad and intrudes into Plaintiff's privacy interests. Accordingly, for the reasons stated herein, Defendants' application to compel Plaintiff's authorization for the release of her employment records with her current employer, New Jersey Transit, is **DENIED**.

DATED: February 4, 2014

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**